# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RACHEL RANGEL,<br><br>    Defendant. | Case No. 3:15-cr-00110-SLG |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 94 is defendant Rachel Rangel's Motion for Early Home Confinement. The government filed a response at Docket 97 and does not oppose Ms. Rangel's motion. The Court grants the motion, and **the BOP shall immediately release Ms. Rangel.**

On November 3, 2016, this Court sentenced Ms. Rangel to 96 months of imprisonment after she pleaded guilty to one count of Drug Conspiracy.[1] Ms. Rangel is currently housed at the Cordova Center, a federal Bureau of Prisons (BOP) re-entry center, in Anchorage. Her projected BOP release date is September 17, 2021.[2] Ms. Rangel asserts that she will become eligible for home

---

[1] Docket 86.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Jan. 13, 2021).

confinement on approximately March 17, 2021.³ Ms. Rangel seeks to be immediately released from the Cordova Center to home confinement.⁴ The government maintains that it is exercising its prosecutorial discretion and does not oppose Ms. Rangel's request release for release to home confinement.⁵

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.⁶ If the defendant has exhausted their administrative rights, a district court must consider the motion on the merits. On the merits, the court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."⁷

---

³ Docket 94 at 3.

⁴ Docket 94 at 1.

⁵ Docket 97 at 2.

⁶ First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

⁷ 18 U.S.C. § 3582(c). In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

Case No. 3:15-cr-00110-SLG, *United States v. Rangel*
Order Re Motion for Compassionate Release
Page 2 of 5
Case 3:15-cr-00110-SLG   Document 98   Filed 01/14/21   Page 2 of 5

## I. Exhaustion of administrative rights

An inmate has exhausted her administrative rights if the inmate has sought compassionate release from the warden of her BOP facility and has been denied.[8] Ms. Rangel does not appear to be in a BOP facility that has a warden, although she has taken steps to try and request administrative relief.[9] The government does not contest that Ms. Rangel has exhausted her administrative rights. The Court will consider the motion on the merits.

## II. Merits

Having reviewed each party's filing, the Court finds that Ms. Rangel has shown an extraordinary and compelling reason to reduce her sentence due to her severe asthma[10] and finds that the applicable 18 U.S.C. § 3553(a) factors weigh in favor granting relief in this case and releasing Ms. Rangel to home confinement approximately five weeks early. Ms. Rangel has completed the BOP's Residential Drug Abuse Program and participated in the RDAP aftercare program.[11] She is currently engaged in outpatient treatment, is employed at a veterinarian's office, and has leased an apartment in Anchorage.[12]

---

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] Docket 94 at 6.

[10] *See* CDC, *People with Moderate to Severe Asthma*, available at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last accessed Jan. 13, 2021).

[11] Docket 94 at 3.

[12] Docket 94 at 3, 8.

Case No. 3:15-cr-00110-SLG, *United States v. Rangel*
Order Re Motion for Compassionate Release
Page 3 of 5
Case 3:15-cr-00110-SLG   Document 98   Filed 01/14/21   Page 3 of 5

In light of the foregoing, the Court GRANTS the motion at Docket 94 as follows:

1. The Clerk of Court shall prepare an amended judgment reducing Ms. Rangel's sentence to time served and immediately commencing supervised release.

2. Ms. Rangel shall be placed on a 5-year term of supervised release. Ms. Rangel shall be subject to the standard conditions of supervised release. Ms. Rangel shall be subject to the standard and special conditions of supervised release ordered on November 3, 2016, in the original judgment.

3. In addition, as special conditions of supervised release, Ms. Rangel shall

    - Comply with any release plan or directives set by the U.S. Probation Office, including any directives as to wearing a GPS monitoring device;

    - Serve a period of home confinement at 1082 West 26th Avenue, Apt. 4, Anchorage, AK 99503 **until September 17, 2021**. Ms. Rangel **shall not leave the home** during this period other than to attend scheduled work shifts, scheduled controlled substance treatment, scheduled or emergency medical appointments, scheduled legal appointments, or as otherwise approved by the Probation Office;

    - Ms. Rangel shall proceed via private transportation (no use of public transportation) directly to the designated location for home confinement (1082 West 26th Avenue, Apt. 4, Anchorage, AK 99503) immediately upon release from the Cordova Center;

    - Ms. Rangel shall self-isolate at the home for 14 days after her arrival there. Ms. Rangel shall not have close physical contact with any other residents of the home during this self-isolation period; Ms. Rangel may only leave quarantine for emergency medical

Case No. 3:15-cr-00110-SLG, *United States v. Rangel*
Order Re Motion for Compassionate Release
Page 4 of 5
Case 3:15-cr-00110-SLG   Document 98   Filed 01/14/21   Page 4 of 5

purposes that require immediate medical attention or hospitalization;

- Submit to a COVID-19 test at the end of the 14-day quarantine period and provide the test results to the U.S. Probation Office. If Ms. Rangel's test if positive, she must continue to self-quarantine until she obtains medical documentation that she has recovered from COVID-19; and

- Comply with all local, state, and federal public-health mandates related to COVID-19.

4. **The BOP shall immediately release Ms. Rangel.**[13] If the U.S. Probation Office is unable to initiate Ms. Rangel's supervision and/or approve Ms. Rangel's housing, the Court shall promptly be notified so that this order can be amended.

IT IS SO ORDERED.

DATED this 14th day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] The government's request that Ms. Rangel for 21 days at the Cordova Center prior to her release is denied. Docket 97 at 2. The Court notes it is denying the government's standard request because Ms. Rangel is ordered to proceed via private transportation directly to a private residence and to quarantine and self-isolate there, as opposed to being released to a halfway house or reentry center. *See United States v. Scparta*, Case No. 18-cr-578 (AJN), 2020 WL 1910481 (S.D.N.Y. Apr. 19, 2020) (denying government's request for BOP quarantine and instead ordering self-quarantine in a private home); *United States v. Tarraciano*, Case No. 2:17-cr-001870-KJM, 2020 WL 5878284 (E.D. Cal. Oct. 2, 2020) (same).

Case No. 3:15-cr-00110-SLG, *United States v. Rangel*
Order Re Motion for Compassionate Release
Page 5 of 5
Case 3:15-cr-00110-SLG   Document 98   Filed 01/14/21   Page 5 of 5